IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUNTAIN,                                     No. 2:13-cv-2602-MCE-CMK-P

      Plaintiff,

  vs.                                                                ORDER

U. CHANG, et al.,

      Defendants.

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 15), and plaintiff's motion to amend (Doc. 17).

        Defendants bring this motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), on the basis that this court lacks jurisdiction as plaintiff fails to allege a constitutional violation. Defendants contend the only claim plaintiff raises is a negligence claim under state law, and that he fails to raise any claim based on the United States Constitution or some other federal law. Plaintiff does not specifically oppose the motion to dismiss, but asks the court grant him leave to file an amended complaint. Defendants do not oppose the filing of the amended complaint, but requests the court screen the amended complaint pursuant to 28 U.S.C.

1

§ 1915A(a).

As the parties agree to the dismissal of the original complaint, the court will grant the motion. As to the amended complaint, plaintiff again complains about being transferred to Valley State Prison due to the substantial risk of contracting valley fever. This time, he specifically states his claim is under the Eighth Amendment, although he continues to allege negligence. As in his original complaint, plaintiff claims his right to humane conditions of confinement under the Eighth Amendment have been violated. He alleges that both himself and various family members informed defendants Chang, Blackwell, and Espinoza, as to his substantial risk of contracting valley fever if transferred to Valley State Prison. The defendants disregarded this risk, and transferred him to Valley State Prison anyway, where his health has been compromised and he has in fact contracted valley fever.

Plaintiff continues to couch his claim in terms of negligence. Reading the amended complaint a bit closer, the court finds some credence in defendants' contention that plaintiff is simply claiming negligence, and that his claim does not reach the level of a Constitutional violation.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

To the extent plaintiff alleges the defendants acted negligently in transferring him to Valley State Prison, his allegations are insufficient to state a claim for a Constitutional violation. Plaintiff does now cite to the Eighth Amendment, but he does not actually allege that the defendants acted beyond mere negligence.

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). "[A] pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

Plaintiff's amended complaint fails to meet the pleading requirements to state a claim for violation of the Eighth Amendment. Mere negligence on behalf of the defendants is insufficient; plaintiff must allege that the defendants had a sufficiently culpable mind. Therefore, while his proposed amended complaint is insufficient, he will be provided an opportunity to file a second amended complaint in order to cure the defects discussed above. . See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions or treatment complained of have resulted in a deprivation of her constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms

how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is required to file an amended complaint within the time provided in this order.  Failure to do so may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also cautioned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 15) is granted;

2. Plaintiff's motion for leave to file an amended complaint (Doc. 17) is granted; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: March 9, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE